IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Adan Delacruz Rodrigues; Debra Haunani Wise-Rodrigues, | ) ) ) Civ. No. 10-00029 HG-LEK |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| Newport Lending Corporation; Mortgage Electronic Registration Systems; IndyMac Federal Bank, FSB; and DOES 1-30, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S AND ONEWEST BANK, FSB'S, AS SUCCESSOR BY ASSIGNMENT TO INDYMAC FEDERAL BANK, FSB'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs filed a Complaint alleging fraud, unfair and deceptive acts and practices, an adhesive contract, due process violations, and violations of the Truth in Lending Act, in connection with a mortgage loan transaction. Defendants Mortgage Electronic Registration Systems ("MERS") and OneWest Bank, FSB (as successor by assignment to IndyMac Federal Bank, FSB, the Defendant named on the Complaint) ("OneWest"), move for summary judgment. The Motion (Doc. 17) is **GRANTED.**

**PROCEDURAL HISTORY**

On June 12, 2009, Plaintiffs filed a Complaint in Hawaii state

court. (Doc. 1, Ex. 2).

On January 14, 2010, Defendant MERS removed the action to this Court. (Doc. 1).

On August 8, 2010, Defendants MERS and OneWest filed a Motion for Summary Judgment. (Doc. 17).

On September 1, 2010, Plaintiffs filed an Opposition. (Doc. 27).

On September 15, 2010, Defendants filed a Reply. (Doc. 32).

On September 19, 2010, Defendants filed an Errata to their Reply. (Doc. 37).

Pursuant to Local Rule 7.2(d), the Court elected to decide Defendants' Motion for Summary Judgment without a hearing. (See Doc. 21.)

**BACKGROUND**

Plaintiffs allege that on February 13, 2007, they entered into a mortgage loan agreement with Defendant Newport Lending Corporation ("Newport"). (Complaint at ¶ 8 (Doc. 1-2).) Plaintiffs claim Newport listed Defendant MERS as the mortgagee. (Id.) Plaintiffs claim Defendant IndyMac Bank purports to be an assignee of the loan. (Id. at ¶ 6) OneWest was not named as a Defendant, but has moved for summary judgment on IndyMac's behalf, claiming to be IndyMac's successor by assignment.

Plaintiffs dispute that OneWest was properly assigned an interest in the loan, but do not dispute that OneWest has properly

2

moved for summary judgment on IndyMac's behalf. (Opposition, Statement of Facts at ¶¶ 3, 5 (Doc. 25).)  Plaintiffs argue that because the loan was never validly assigned from Newport/MERS to IndyMac, any subsequent assignment from IndyMac to OneWest is also invalid. (Opposition at ¶ 30, 33, 47 (Doc. 27).)

Plaintiffs allege Defendants committed various wrongful acts in connection with the loan transaction.  They allege Newport induced them to take out the loan with false and misleading information about its terms, provided insufficient disclosures required by the Truth in Lending Act, and overstated their income on their loan application. (Id. at ¶¶ 11-13 (Doc. 17).)

Plaintiffs claim Defendant IndyMac threatened to conduct a non-judicial foreclosure sale on June 12, 2009. (Id. at ¶ 15).  On the same day, Plaintiffs contend, they sent a letter by counsel exercising their right to cancel the loan pursuant to the Truth in Lending Act and HRS 480-12. (Id.).  Plaintiffs also filed their Complaint on the same day. (Doc. 1).


**STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.

3

Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325.  The moving party must, however, show that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." <u>Nidds</u>, 113 F.3d at 916 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. <u>State Farm Fire & Casualty Co. v. Martin</u>, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed.R.Civ.P. 56(e); <u>T.W. Elec. Serv.</u>, 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 959-60 (9th Cir. 1994). Nor can the opposing party rest on conclusory statements. <u>National Steel Corp. v. Golden Eagle Ins. Co.</u>, 121 F.3d 496, 502 (9th Cir. 1997).


**ANALYSIS**

Plaintiffs' Complaint asserts the following counts:

**Counts I: Fraud; Adhesive Contract; Due Process**

**Count II: Fraud**

**Count III: Unfair and Deceptive Acts and Practices**

**Count IV: Injunctive Relief**

**Count V: Truth in Lending Act Violations**

**Count VI: Punitive Damages** (against Defendant Newport only[1])

Plaintiffs seek a rescission of the loan, actual, statutory and punitive damages, a declaratory judgment that any non-judicial foreclosure sale of the property is void and unenforceable, and an injunction preventing Defendants from transferring or otherwise placing a cloud on the title to the property.  Defendants MERS and OneWest (on behalf of IndyMac Bank, FSB) move for summary judgment on all claims against them.

**Standing of OneWest To Assert Defenses**

As a threshold matter, Plaintiffs dispute OneWest's "standing" to assert defenses, arguing that OneWest was never validly assigned the loan.  Standing is a requirement imposed on plaintiffs, not on defendants. See Catholic League for Religious and Civil Rights v. City and County of San Francisco, 2010 WL 4138432 at *15 (9th Cir. 2010).  To the extent that OneWest is properly before the Court as a Defendant, OneWest is entitled to assert defenses.

Plaintiffs did not name OneWest as a defendant in this action. OneWest filed an Answer to the Complaint and has moved for summary judgment as the "successor by assignment to IndyMac Bank, FSB." (Motion for Summary Judgment at p. 1 (Doc. 17).)  Although Plaintiffs argue that OneWest was never validly assigned the loan,

---

[1] Because Plaintiffs do not seek punitive damages from Defendants MERS and OneWest, the Court does not address Count VI in this Order.  As of the date of this Order, there is no evidence in the record that Plaintiffs filed proof of service of the Complaint on Defendant Newport, and Defendant Newport has not appeared.

Plaintiffs do not contend that it was improper for OneWest to appear in this action in place of IndyMac.  To the contrary, Plaintiffs' opposition to OneWest's Motion for Summary Judgment treats OneWest as a Defendant who is liable to Plaintiffs. Plaintiffs state, for example, that "IndyMac, now OneWest, its alleged successor by merger, continues to reserve the right . . . to take Plaintiffs' home by nonjudicial auction based on these proceedings." (Opposition at ¶ 26 (Doc. 27).)  Because Plaintiff does not dispute that OneWest properly appeared as a Defendant in place of IndyMac (as IndyMac's successor), the Court treats OneWest and IndyMac as the same Defendant.

**Counts I and II: Fraud; Adhesive Contract; Due Process**

In Count I, Plaintiffs seeks a declaratory judgment that any non-judicial foreclosure sale of the property is void and unenforceable.  In Count II, Plaintiffs seek a declaratory judgment that the loan agreement is void and unenforceable.  Plaintiffs claim they are entitled to these judgments because: (1) they were fraudulently induced into taking out the loan; (2) the "power of sale" clause in the mortgage is unenforceable as it violates Plaintiffs' rights to due process under both the United States and Hawaii State Constitutions; and (3) the mortgage agreement is an adhesive contract.[2]

---

[2] In their Motion for Summary Judgment, Defendants argue that Plaintiffs fail to state a claim for rescission pursuant to violations of the Truth in Lending Act.  The Complaint does not request rescission based on violations of the Truth in Lending

**A.    The Fraud Claims Fails Because Defendants MERS and IndyMac/OneWest Did not Make Any Representations to Plaintiffs**

To prevail on a fraud claim under Hawaii law, a Plaintiff must prove that "the defendant made false representations of material fact, intended to induce plaintiff to act, the representations were made with knowledge of, or reckless disregard for, their falsity, and the plaintiff justifiably relied upon those false representations to his detriment." Bulgo v. Munoz, 853 F.2d 710, 716 (9th Cir. 1988).

Defendants argue that they did not make any representations to Plaintiffs.  They contend that they were not present at the execution of the loan, and made no statements to Plaintiffs to induce them into the transaction.  In response, Plaintiffs do not identify (much less cite to evidence in support) a single false or misleading representation made by Defendants.  Plaintiffs make no attempt to dispute Defendants' claim that they made no fraudulent statements or other misrepresentations to Plaintiffs.  Because Plaintiffs fail to cite any facts or evidence in support, Defendants are granted summary judgment on the fraud claim.

**B.    The "Power Of Sale" Clause Does Not Violate Plaintiffs' Due Process Rights**

Plaintiffs contend that the "power of sale" clause in their

---

Act.  Defendants' argument that Plaintiffs fail to state a claim for rescission under TILA is therefore moot, and the Court does not consider it.

mortgage agreement violates their right to due process under both the United States and Hawaii Constitutions.  Hawaii Revised Statute ("HRS") § 667-6 expressly authorizes power of sale clauses in mortgages and regulates their enforcement. See Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003).  It is well-established that power of sale clauses and the provisions of HRS § 667-6 do not violate the right to due process under the United States Constitution. Id.

Although the Hawaii Supreme Court has not ruled on the constitutionality of "power of sale" clauses under the due process clause of the Hawaii Constitution, the Hawaii due process clause is modeled on the Fourteenth Amendment to the United States Constitution. State v. Bowe, 881 P.3d 538, 545 (Haw. 1994). Federal case-law on the due process clause of the United States Constitution is "persuasive authority" when interpreting the due process clause of the Hawaii Constitution. State v. Guzman, 968 P.2d 194, 201 (Haw. 1998).

Plaintiffs do not explain why the Ninth Circuit Court of Appeals' ruling in Apao should not apply equally to due process challenges under the Hawaii Constitution, or otherwise explain why "power of sale" clauses violate the due process clause of the Hawaii Constitution.  Plaintiffs have not convinced the Court that the Hawaii Constitution's due process clause would be applied any differently to "power of sale" clauses than the due process clause of the United States Constitution.  Defendants are granted summary

9

judgment on Plaintiffs' due process claim.

### C.   The Mortgage Is Not A Contract of Adhesion

Under Hawaii law, an "adhesive" contract is one that is "drafted or otherwise proffered by the stronger of the contracting parties on a 'take it or leave it' basis." Brown v. KFC National Management Co., 921 P.2d 146, 167 (Haw. 1996).   An adhesive contract is unenforceable if two conditions exist: "(1) the contract is the result of coercive bargaining between parties of unequal bargaining strength; and (2) the contract unfairly limits the obligations and liabilities of, or otherwise unfairly advantages, the stronger party." Id.

Defendants argue that Plaintiffs' adhesion contract claim fails because Plaintiffs do not allege they had no other choice of lenders or that the power of sale clause is unconscionable. Plaintiffs argue that the contract is adhesive and unenforceable because they were not shown the loan papers until closing and were not given enough time to read them.   This allegation is not sufficient to support Plaintiff's claim that the contract is adhesive and unenforceable.   Plaintiffs do not argue that they had no other choice of lenders, that they were pressured to sign the agreement without reading it, or that the terms agreed to were unconscionable.   Because Plaintiffs fail to present facts on which the Court could plausibly infer that the contract is adhesive and unenforceable, Defendants are granted summary judgment on the adhesive contract claim.

10

**Count III: Unfair And Deceptive Acts And Practices**

Plaintiffs claim that Defendants engaged in unfair and deceptive acts and practices in violation of Chapter 480 of the Hawaii Revised Statues, entitling Plaintiffs to a rescission of the loan. H.R.S. § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."[3]   A "deceptive act or practice" is defined as: "(1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the

---

[3]      H.R.S. § 480-2 states:
Unfair Competition, practices, declared unlawful.

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

(b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

(c) No showing that the proceeding or suit would be in the public interest (as these terms are interpreted under section 5(b) of the Federal Trade Commission Act) is necessary in any action brought under this section.

(d) No person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon unfair or deceptive acts or practices declared unlawful by this section.

(e) Any person may bring an action based on unfair methods of competition declared unlawful by this section.

circumstances [where] (3) the representation, omission, or practice is material." <u>Courbat v. Dahana Ranch, Inc.</u>, 141 P.3d 427, 435 (2006).

Defendants argue that they were not involved in negotiating and consummating the loan, and did not commit unfair and deceptive acts or practices. Plaintiffs do not dispute that Defendants were not involved in the initial loan transaction. Plaintiffs do not identify a single unfair or deceptive act or practice committed by Defendants. The Defendants' Motion for Summary Judgment on the unfair and deceptive acts and practices claim is **GRANTED**.

**Count IV: Injunctive Relief**

Count IV of Plaintiffs' Complaint requests "injunctive relief" preventing Defendants from transferring title to the Property. Count IV does not set forth any grounds on which Plaintiffs seek such relief. To the extent Count IV requests injunctive relief independent of the other Counts in the Complaint, Defendants' request for summary judgment on it is **GRANTED.**

**Count V: Truth In Lending Act**

Plaintiffs seek statutory damages for "material misdisclosures and nondisclosures" in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Defendants argue that Plaintiffs were provided with all the disclosures required by TILA, and that the claim for damages based on TILA violations is in any case barred by the statute of limitations. Although there is an issue

of fact whether Plaintiffs received the required disclosures, Plaintiffs' claim for damages based on TILA violations fails because it is barred by the statue of limitations.

**A.    There Is A Genuine Issue Of Fact Concerning Whether Plaintiffs Received All Required Disclosures**

Defendants presented copies of a "Notice of Right to Cancel," a "Federal Truth-In-Lending Disclosure Statement," and an "Itemization Of Amount Financed," all of which appear to be signed by Plaintiffs and dated February 13, 2007, the date the loan was consummated. (Defendants' Statement of Facts, Exs. E-H (Docs. 20-5, 20-6, 20-7, 20-8).)  The Notice of Right to Cancel and Disclosure Statement contain language indicating that Plaintiffs' signatures constitute an acknowledgment that they received the documents.

Plaintiffs do not dispute that they signed these documents (they "don't recall"), but they claim that they did not in fact actually receive copies of the Notice of Right to Cancel or the Itemization statement. (Plaintiffs' Statement of Facts at ¶¶ 5, 7, 9-11 (Doc. 25).)  As evidence, Plaintiffs present their own declaration in which they aver that they did not receive these documents. (<u>Id.</u>).

TILA provides that a written and signed acknowledgment of receipt of required disclosures "does no more than create a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). Plaintiffs' declaration rebuts the presumption of delivery, creating a genuine issue of fact as to whether Plaintiffs were

given copies of the disclosures required under TILA. See Stutzka v. McCarville, 420 F.3d 757, 762 (8th Cir. 2005); Iannuzzi v. American Mortg. Network, Inc., 2010 WL 2976500, at * 2-3 (E.D. N.Y. 2010) ("Numerous courts applying the rebuttable presumption of 15 U.S.C. 1635(c) have held that sworn statements by the borrowers asserting that they did not receive the requires [notices and disclosures] . . . , despite signed acknowledgments to the contrary, are sufficient to preclude summary judgment.")

**B.    The Claim For Damages Based On TILA Violations Is Time-Barred**

Although Plaintiffs have established a genuine issue of material fact as to whether they received the required disclosures, their claim for damages fails because it is time-barred. Under 15 U.S.C. § 1640(e), a claim for damages under TILA must be brought "within one year from the occurrence of violation." The loan transaction and the alleged TILA disclosure violations took place on February 13, 2007. Plaintiffs' Complaint was filed over two years later, on June 12, 2009.

In their Opposition, Plaintiffs argue that they are seeking damages for Defendants' failure to honor their attempt to rescind the loan, and that this claim is timely because they filed suit within one year of the date their rescission request was not honored. The Complaint does not state a claim for damages based on Defendants' failure to honor Plaintiffs' rescission request. Plaintiffs raised this claim for the first time in their Opposition

14

to Defendants' Motion for Summary Judgment.

Even if the Complaint did state a claim for damages based on Defendants' failure to honor Plaintiffs' request for rescission, the claim would fail.  Plaintiffs state that they sent a letter to Defendants requesting rescission on June 12, 2009. (Plaintiffs' Statement of Facts at ¶ 32, (Doc. 25).)  According to the allegations in the Complaint, a non-judicial foreclosure sale of the property had already been scheduled for that very date. (Complaint at ¶ 15 (Doc. 1).)  June 12, 2009 is also the same date Plaintiffs filed their Complaint. The Complaint was likely filed before Defendants even received the request for rescission, and certainly before Defendants were given a reasonable opportunity to respond to it.  Plaintiffs cannot seek damages for Defendants' failure to honor a request for rescission before Defendants received such request and had an opportunity to respond to it.

Because Plaintiffs' claim for damages based on TILA violations is time-barred, Defendants' Motion for Summary Judgment on Count V is **GRANTED.**

## CONCLUSION

Plaintiffs have not identified or provided any evidence of fraudulent misrepresentations or unfair and deceptive acts committed by Defendants MERS and OneWest/IndyMac Bank.  The mortgage and power of sale clause is not a contract of adhesion,

nor does it violate Plaintiffs' due process rights.  Plaintiffs'
claim for damages based on TILA violations is time-barred.
Defendants MERS and OneWest/IndyMac Bank's Motion for Summary
Judgment on all Counts against them (Doc. 17) is **GRANTED.**


    IT IS SO ORDERED.


    DATED: November 29, 2010, Honolulu, Hawaii.



                                    /S/ Helen Gillmor
                          _____
                          Helen Gillmor
                          United States District Judge




Adan Delacruz Rodrigues, et al. V. Newport, et al.; Civil No. 10-
00029 HG-LEK; **ORDER GRANTING DEFENDANTS MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.'S AND ONEWEST BANK, FSB'S, AS SUCCESSOR
BY ASSIGNMENT TO INDYMAC FEDERAL BANK, FSB'S MOTION FOR SUMMARY
JUDGMENT (DOC. 17).**